Robert L. Hill, Esq. (CBN 241624)
**LAW OFFICES OF ROBERT L. HILL**
5055 Avenida Encinas, Suite 100
Carlsbad, CA 92008
Telephone: (760) 448-4425
Facsimile: (866) 579-5802
Email: hill@rlhfirm.com

Attorneys for Defendant
Heather Markowitz

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>    Plaintiff,<br><br>vs.<br><br>HEATHER MARKOWITZ; JILL MARKOWITZ; and DOES 1 THROUGH 10, inclusive,<br><br>    Defendants. | CASE NO: 2:16-cv-01963-SJO-FFM<br><br>**DEFENDANT HEATHER MARKOWITZ'S ANSWER TO COMPLAINT FOR FRAUDULENT TRANSFER**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant HEATHER MARKOWITZ ("Defendant") hereby submits her Answer to the Complaint for Fraudulent Transfer filed by Plaintiff WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Plaintiff").

Defendant responds to Plaintiff's allegations using the same paragraph

numbers that appear in Plaintiff's Complaint. Defendant uses the headings from the Complaint strictly as a convenience to the Court, and she does not admit any of the allegations or innuendo suggested by such headings. All allegations not expressly admitted below are denied.

## I.     JURISDICTION AND VENUE

1. Defendant admits the Court has jurisdiction over this matter. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 1, and, on that basis, denies them.

2. Defendant admits that the Court may exercise personal jurisdiction over Defendant. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 2, and, on that basis, denies them.

3. Defendant admits that venue is proper in the Central District of California. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 3, and, on that basis, denies them.

## II.     PARTIES

4. Defendant admits that Plaintiff is the duly appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"). Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 4, and, on that basis, denies them.

5. Defendant denies all allegations contained in Paragraph 5.

6. Defendant admits that Jill Markowitz is a resident of the County of Nassau, New York. Defendant admits that Jill Markowitz is the recipient of assets of the Receivership Entities. Defendant denies all remaining allegations contained in Paragraph 6.

7. Defendant lacks sufficient information to either admit or deny the

1. allegations contained in paragraph 7, and, on that basis, denies them.

2. 8. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 8, and, on that basis, denies them.

9. Defendant denies all allegations contained in Paragraph 9.

### III. FACTUAL ALLEGATIONS

#### A. The Purported Business of the Receivership Entities and the Commencement of the SEC Action

10. Defendant admits that NASI raised money from investors through sales of Automated Teller Machines ("ATMs"). Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 10, and, on that basis, denies them.

11. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 11, and, on that basis, denies them.

12. Defendant admits that the Securities and Exchange Commission ("SEC") initiated an action against the Receivership Entities, Joel Gillis, and Edward Wishner. Defendant admits that the Court entered orders on September 30, 2014, and October 29, 2014, appointing Plaintiff as receiver for the Receivership Entities. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 12, and, on that basis, denies them.

#### B. The Receiver's Authority and Investigation Pursuant to His Appointment

13. Defendant admits that the Plaintiff is vested with authority and control over the assets of the Receivership Entities. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 13, and, on that basis, denies them.

14. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 14, and, on that basis, denies them.

DEFENDANT HEATHER MARKOWITZ'S ANSWER TO COMPLAINT FOR FRAUDULENT TRANSFER

### C. Criminal Indictment and Guilty Pleas

15. Defendant admits that Gillis and Wishner were arrested and charged with mail fraud, wire fraud, conspiracy, and aiding and abetting. Defendant admits that the Exhibit A to the Complaint is a document entitled "Statement of Facts" that appears to be signed by Gillis. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 15, and, on that basis, denies them.

16. Paragraph 16 contains no factual allegations and thus there is nothing for Defendant to either admit or deny.

### D. The Fraudulent Transfers to Defendant From the Receivership Entities

17. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 17, and, on that basis, denies them.

18. Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 18, and, on that basis, denies them.

19. Defendant admits receiving a letter from the Plaintiff in October 2015 concerning the allegations contained in the Complaint. Defendant admits she did not accept the settlement offer contained in the letter. Defendant denies all remaining allegations contained in paragraph 19.

20. Defendant denies all allegations contained in paragraph 20.

21. Defendant admits that she had no business dealings with NASI and provided no services or other value to NASI. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 21 and, on that basis, denies them.

### COUNT I – FRAUDULENT TRANSFER

22. Defendant incorporates herein each and every response contained in paragraphs 1 through 21, inclusive, as if set forth herein.

23. Defendant denies all allegations contained in paragraph 23.

24. Defendant denies all allegations contained in paragraph 24.

25. Defendant denies all allegations contained in paragraph 25.

26. Defendant denies all allegations contained in paragraph 26.

27. Defendant denies all allegations contained in paragraph 27.

28. Defendant denies all allegations contained in paragraph 28.

## PRAYER FOR RELIEF

Defendant denies Plaintiff is entitled to any of the relief set forth in its Prayer as against this answering Defendant.

## AFFIRMATIVE DEFENSES

Defendant, by and through counsel, reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint for Fraudulent Transfer, to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend or supplement its responses to Plaintiff's Complaint for Fraudulent Transfer, as well as its affirmative defenses, as information is gathered through discovery:

### First Affirmative Defense
### (Failure to State A Claim)

The Complaint for Fraudulent Transfer fails to state a claim upon which relief can be granted against this answering Defendant.

### Second Affirmative Defense
### (Waiver, Laches, Estoppel and/or Acquiescence)

Plaintiff's claims against this answering Defendant are barred in whole or in part by the doctrines of waiver, laches, estoppel, and/or acquiescence.

### Third Affirmative Defense

### (Statute of Limitations)

Plaintiff's claims against this answering Defendant are barred in whole or in part by the statute of limitations.

### Fourth Affirmative Defense

### (No Fraudulent Transfer)

Plaintiff's claims against this answering Defendant are barred in whole or in part because there was no fraudulent transfer occurring between Defendant and any of the Receivership Entities.

### Fifth Affirmative Defense

### (Not Transferee)

Plaintiff's claims against this answering Defendant are barred in whole or in part because this answering Defendant was not a transferee of any transfer originating from the Receivership Entities.

### Sixth Affirmative Defense

### (Unjust Enrichment)

Defendant asserts that Plaintiff is seeking to recover more than Plaintiff is entitled to recover against this answering Defendant, such that any award of judgment against this answering Defendant would unjustly enrich the Plaintiff.

### Seventh Affirmative Defense

### (Lack of Equity)

With respect to Plaintiff's claims against this answering Defendant, the balance of the equities does not weigh in favor of Plaintiff obtaining any recovery.

### Additional Defenses

Defendant reserves the right to assert such other defenses available pursuant to Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure as may be revealed through disclosure and discovery in this matter.

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all issues so triable in connection with the Complaint and Answer.

WHEREFORE, Defendant respectfully requests that the Complaint for Fraudulent Transfer be dismissed with prejudice as against this answering Defendant, that judgment be entered in favor of Defendant, that Defendant be awarded all her costs incurred herein, and that the Court award Defendant all other relief as is just, proper, and necessary.

DATED: April 22, 2016

Submitted by,

LAW OFFICES OF ROBERT L. HILL

      /s/ Robert L. Hill
ROBERT L. HILL

Email: hill@rlhfirm.com

*Attorneys for Defendant Heather Markowitz*